Lanning M. Trueb, ABA #8911083
JOHNSON BEARD & TRUEB, PC
330 L Street
Anchorage, AK 99501
Phone: (907) 277-0161
Fax: (907) 277-0164
Email: Lmtrueb@msn.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| NICHOLAS B. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY D. WINEGARDEN, *in personam,*<br>and the F/V HAZEL A, O.N. 577216 and her engine, machinery, tackle, gear, appurtenances, apparel, furniture and equipment, *in rem,*<br><br>Defendants. | No. 3:21-cv-00241-SLG<br><br>**VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM* FOR MARITIME PERSONAL INJURY DAMAGES** |

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE
WITHOUT SECURITY AND PREPAYMENT OF COSTS
(28 U.S.C. § 1916)**

Plaintiff Nicholas B. Johnson, through his attorneys Johnson Beard and Trueb, PC, brings this Verified Complaint[1] and alleges the following against defendants:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

---

[1] Due to COVID-19 concerns, Plaintiff's verification signature is submitted electronically. An 'in-person" signature will be filed when possible.

1. The negligence action against plaintiff's employer, the owner of the vessel on which he served, and against the vessel, *in rem*, on which plaintiff worked at the time of his injury. These claims arise under §33 of the Merchant Marine Act of 1920, presently found at 46 U.S.C. §30104 (Jones Act). All the *in rem* claims herein arise under the general maritime law and give rise to a preferred maritime lien. Plaintiff waives his right to a trial by jury and elects to try his action on the admiralty side of this Honorable Court. For the reasons noted more fully below, both jurisdiction and venue are appropriate before this Court.

2. Plaintiff is a citizen of the United States of America and resides in Alaska.

3. Plaintiff, a seaman, was injured while in the service of and while working aboard a vessel, the HAZEL A, while the vessel was on navigable waters at or near Kodiak Island.

4. On information and belief, at all material times Jeffrey D. Winegarden was plaintiff's employer.

5. On information and belief, at all material times Jeffrey D. Winegarden was the owner and/or owner *pro hac vice* and/or operator and/or charterer and/or controller of the vessel HAZEL A, O.N. 577216.

6. The *in rem* defendant HAZEL A, O.N. 577216, is now and/or will, during the pendency of process hereinafter, be within this district and the jurisdiction of this Court.

7. This Court has both subject matter and personal jurisdiction over all of plaintiff's claims.

8. Plaintiff's injuries occurred during July 2021. Per 46 U.S.C. § 30106, plaintiff's claims are timely filed.

//

//

## CLAIMS FOR NEGLIGENCE AND UNSEAWORTHINESS

9. Plaintiff hereby realleges and incorporates paragraphs 1-8.

10. On or before July 1, 2021, plaintiff was engaged as a seaman by Defendant Jeffrey Winegarden and/or his agent(s) to be employed aboard the HAZEL A.

11. During July 2021, and while plaintiff was performing his duties aboard the vessel HAZEL A, and as a direct and proximate result of the negligence of defendant Jeffrey Winegarden, and/or his representatives, officers, agents, crew, servants or employees, and/or as the direct and proximate result of the unseaworthiness of the vessel HAZEL A, plaintiff incurred injury to his legs, ankles, feet and other body parts, while, in furtherance of his duties, he developed trench feet. Nonetheless, Plaintiff was required to wear his wet boots and work long hours on deck. Despite request, Plaintiff was not permitted off the vessel. Plaintiff was forced to continue work despite deteriorating health.

12. The negligence claims are premised, without limit, on the failure to have in place adequate work place vessel policies and procedures to address the adverse working conditions which gave rise to Plaintiff's injuries, or if said policies and procedures existed then the failure to follow the same; the failure to provide prompt and adequate medical care; the failure to provide plaintiff with a safe place to work; and/or other reasons found during the pendency of this matter.

13. The unseaworthiness claims are premised, without limit, to various unseaworthy conditions aboard the HAZEL A, including plaintiff's excessive work schedule, the lack of adequate safety policies and procedures and/or adequately trained crew, the lack of sufficient medical equipment and/or supplies, the lack of vessel policies and procedures to assure vessel crew are promptly and properly diagnosed regarding medical conditions which may arise, the lack of vessel policies and procedures for contacting shoreside medical providers should medical

conditions arise for vessel crew, the lack of vessel policies and procedures addressing when and how a crew member should be removed from the vessel to obtain medical care, and/or other reasons found during the pendency of this matter.

14. A vessel owner owes a duty to its crew to provide a vessel and its appurtenances that are fit for their intended use. A breach of this duty gives rise to a preferred maritime lien against the vessel *in rem*.

15. As a direct and proximate result of said negligence and/or unseaworthiness as herein alleged, plaintiff was caused to suffer severe injuries, *inter alia*, to his legs, ankles, feet and other body parts, and plaintiff suffered and may continue to suffer in the future, great amounts of physical pain with resultant physical disability and mental suffering.

16. Additionally, after plaintiff suffered his injuries on the vessel HAZEL A, defendant Winegarden failed and/or refused to timely pay plaintiff and/or provide all of the maintenance and cure to which he was entitled. Defendant Winegarden's negligent and/or intentional failure to pay maintenance and cure or otherwise provide for plaintiff's medical care and support during convalescence is the direct and proximate cause of additional physical, emotional and/or economic injuries suffered by plaintiff. As of the filing of this Verified Complaint, Defendant Winegarden has paid plaintiff no maintenance or cure.

17. As a direct and proximate cause of the above-described injuries, plaintiff was and is prevented from, and may in the future be prevented from, completely pursuing his regular occupation, and has suffered both past and future loss of income; as well as past and future pain and suffering, loss of enjoyment of life, physical disability, emotional and mental injury, reasonable and necessary medical expenses, and other general and special damages all in a sum

in excess of One Hundred Thousand Dollars ($100,000.00), to be proven more definitely at trial in this matter.

## CLAIMS FOR MAINTENANCE, CURE & UNEARNED WAGES

18. Plaintiff hereby realleges and incorporates Paragraphs 1-17.

19. A vessel employer owes all seamen who become ill or injured while in the service of their vessel the no-fault maritime obligations of maintenance, cure and unearned wages.

20. The vessel employer's obligation to pay maintenance, cure and unearned wages is the most pervasive of all the obligations owed a seaman.

21. Jeffrey D. Winegarden was plaintiff's vessel employer.

22. Jeffrey D. Winegarden owed a duty to pay plaintiff maintenance, cure and unearned wages for the injuries plaintiff incurred aboard the vessel HAZEL A.

23. Jeffrey D. Winegarden failed to pay plaintiff all the maintenance, cure and unearned wages owed plaintiff; and therefore, was and is in breach of his no-fault maritime injury obligations.

24. Plaintiff's rights and claims to maintenance, cure and unearned wages give rise to a preferred maritime lien against the *in rem* defendant, the HAZEL A.

25. Plaintiff also claims herein all future maintenance, cure and unearned wages to which he is entitled, all in an amount to be determined at trial.

## CLAIM FOR ATTORNEY FEES & PUNITIVE DAMAGES FOR FAILURE TO PAY MAINTENANCE & CURE

26. Plaintiff hereby realleges and incorporates Paragraphs 1-25.

27. Following plaintiff's injury, plaintiff requested that defendant Winegarden provide him with the maritime benefits of maintenance and cure.

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

28. Despite request, defendant Winegarden failed to pay plaintiff any maintenance and cure.

29. Defendant Winegarden's intentional failure to pay plaintiff maintenance and cure was willful, intentional, and callous; and a deliberate disregard of plaintiff's well-being.

30. As a result of defendant Winegarden's actions, plaintiff was required to hire an attorney and incur costs in an attempt to obtain the maritime benefits owed.

31. As a result of defendant Winegarden's actions in refusing to pay plaintiff's maintenance and cure, plaintiff is entitled to his actual attorney's fees and punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff prays this Court to hear his just cause of action, and that this Court require the defendants to answer his just cause of action, and that he be awarded judgment against defendants as follows:

1. That plaintiff be awarded maintenance, cure and unearned wages against defendants in an amount to be more fully determined at trial in this matter;

2. That plaintiff be awarded compensatory damages and general damages and any other damages allowable under the general maritime law and the Jones Act, against defendants jointly and severally, in a sum in excess of One Hundred Thousand Dollars ($100,000.00), in an amount to be more fully determined at trial in this matter, and;

3. That plaintiff be awarded punitive damages and attorney fees against Defendant Jeffrey Winegarden in an amount to be determined at trial;

4. That plaintiff be adjudged a holder of a personal, preferred maritime lien against the vessel; and that the defendant HAZEL A be held to answer to an *in rem* judgement, with all available *in rem* procedures; and

5. That plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs and any other relief in law or equity to which plaintiff is shown to be entitled.

DATED this 26th day of October, 2021.

             JOHNSON BEARD & TRUEB, PC
             Attorneys for Plaintiff

             By: */s/ Lanning M. Trueb*
                Lanning M. Trueb, ABA No. 8911083

Verified Complaint
*Johnson v. Winegarden and HAZEL A*
Page 7 of 8
Case 3:21-cv-00241-SLG   Document 1   Filed 10/26/21   Page 7 of 8

## VERIFICATION

Nicholas Johnson, deposes and says: He is the Plaintiff and makes this verification on his own behalf; that he has read the above and foregoing Complaint *in rem* and *in personam*, knows the contents thereof, and the same is true to the best of his knowledge and belief, based upon the information furnished to him.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Signature: *Nicholas B. Johnson* (Oct 21, 2021 20:19 AKDT)

Email: nick_maru@hotmail.com